UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

      *v*.                                    Case No. 07-CR-243(CNC)

HILDA ALAYETO,

      Defendant.

---

### DEFENDANT ALAYETO'S MOTION IN LIMINE REGARDING RECORDED JAIL CALL OF JULY 10, 2007

Hilda Alayeto, through her attorney Thomas G. Wilmouth, and pursuant to FED. R. EVID. 401 and 402, moves the Court to enter an Order directing the government to make an offer of proof concerning the relevancy of a recorded telephone call from jail made by the defendant on July 10, 2007 to a friend *before* it seeks to introduce the call into evidence. Pursuant to FED. R. EVID. 403, the defense alerts the Court to portions of the recorded call that should be excluded as evidence and redacted from the recording, and any transcript made, if the Court considers any portion of the call relevant.

As grounds therefore, the defendant asserts the following:

1. In the "United States' Trial Memo" filed today [R. 87], the government does *not* indicate that it intends to introduce into evidence defendant Alayeto's alleged recorded call from jail made on July 10, 2007. However, in an e-mail to counsel on May 21, 2009, the government indicated it would likely introduce the jail call into evidence. It is unknown if the government is considering the call as possibly relevant in rebuttal of evidence offered by the defense.

2. The defense does not concede that any portion of the recorded jail call has any tendency to make the existence of any fact that is of consequence to the determination of this case more probable or less probable than it would be without such evidence. *See,* FED. R. EVID. 401. Evidence which is not relevant is not admissible. *See,* FED. R. EVID. 402. The defense reserves the right to make a more detailed argument in that regard if and when the government makes an offer or proof as to admissibility into evidence of the call.

3. Defense counsel wishes to alert the Court that the telephone call includes obscene language used by the jail caller concerning personal matters of her own and acquaintances. Additionally, there is a reference to the defendant's probationary status, and her willingness to serve the balance of any probation revocation sentence. Such evidence is not relevant and, in the alternative, this evidence should be excluded and redacted from the recording because it has substantial danger of unfair prejudice to the defendant's case and misleads the jury.

*See,* FED. R. EVID. 403. Even if offered only in rebuttal as somehow relevant, the government should be directed to make the appropriate redactions from this recorded jail call, and any transcript made, so as to avoid unfair prejudice to the defendant's case and misleading the jury.

Dated at Milwaukee, Wisconsin this 27th day of May 2009.

Respectfully submitted,

**/s/ Thomas G. Wilmouth**
Thomas G. Wilmouth, Bar #1011746
Counsel for Hilda Alayeto
FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Suite 182
Milwaukee, Wisconsin 53202
[414] 221-9900    Telephone
[414] 221-9901    Facsimile
tom_wilmouth@fd.org