UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                           Case No. 07-CR-243 (CNC)

HILDA ALAYETO,

        Defendant.

---

### DEFENDANT ALAYETO'S MOTION IN LIMINE CONCERNING COMMUNICATION FROM MILWAUKEE POLICE JASON RODRIGUEZ ON NOVEMBER 3, 2007

Now comes the defendant, HILDA ALAYETO, by Attorney Thomas G. Wilmouth, and moves the Court for the entry of an Order that allows her to introduce evidence at the November 9, 2009 jury trial in this matter concerning the communication of Milwaukee Police Officer Jason Rodriguez to Hilda Alayeto on Saturday, November 3, 2007, at which time Officer Rodriguez told Ms. Alayeto, among other things, that unless she cooperated with authorities and stopped litigating a pretrial motion to suppress evidence in this case, she would be prosecuted to the full extent of the law. [R. 30:

1

125-130]. In particular, Milwaukee Police Officer Jason Rodriguez told Alayeto, "If you guys (Alayeto and co-defendant, now chief government witness, Victor Gonzalez) go through with this court date on Friday (evidentiary hearing on motion to suppress physical evidence) this deal is off for you and Victor." [R. 30: 129].

As grounds for this motion, Alayeto alleges that such evidence is admissible pursuant to Fed. R. Evid. 401 ["relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence] and 402 [all relevant evidence is admissible]. The evidence tends (1) to cast a doubt on the credibility of the anticipated trial testimony of Victor Gonzalez (2) to demonstrate the over-aggressive conduct and bias of law enforcement, and by extension the government, concerning the prosecution of Alayeto.

*The credibility of Victor Gonzalez.* The government recently decided to enter into an agreement with Victor Gonzalez for his cooperation against Alayeto in the form of testimony at her November 9, 2009 trial that

(1) Alayeto connected him to a source of cocaine in Chicago; (2) he and Alayeto made numerous trips to Chicago for the purchase of cocaine; (3) he and Alayeto regularly distributed crack cocaine; and (4) Alayeto was in possession of the subject 27 grams of crack cocaine at all relevant times on July 4, 2007, cocaine he and Alayeto had obtained from Chicago, contrary to the anticipated trial testimony of Milwaukee Police Officer Kurt Lacina that he was inches from Gonzalez when he saw Gonzalez was in possession of the subject 27 grams of crack cocaine until he passed it onto the lap of Alayeto upon their apprehension.[1]

The agreement entered into by the government with Gonzalez relatively recently was as a result of Alayeto's long ago refusal to cooperate with the government in efforts to incriminate Gonzalez and others in drug trafficking, and her continued litigation of this drug trafficking case for a two year period, consistent with her claim of innocence of drug trafficking. In other words, the government by law enforcement agents took the approach

---

[1] This constitutes the sworn testimony of Officer Lacina at the July 30, 2007 preliminary hearing in *State of Wisconsin v. Wisconsin v. Victor Gonzalez and Hilda Alayeto,* Milwaukee County Circuit Court case no. 07-CF-3273.

3

that "if you cannot beat them, join them," as in sponsoring as true the testimony of a historical drug trafficker whom they previously believed unworthy of consideration, or less so than Alayeto, when soliciting the assistance of Alayeto. In determining the credibility of the extraordinary incriminating nature of the trial testimony of Victor Gonzalez, upon whom the government will substantially rely in attempting to persuade the jury that Alayeto was a drug trafficker on July 4, 2007, in the face of Alayeto's denial, the jury ought to be able to consider that well before trial the government considered Alayeto, consistent with her plea of not guilty, a more credible source of information than Gonzalez.

*The conduct and bias of law enforcement concerning the prosecution of Alayeto.* As outlined, the government approached Alayeto about cooperation against Gonzalez. She declined. The government, by law enforcement, communicated to Alayeto that as a result of her decision there would be no leniency for Alayeto or Gonzalez. Alayeto continues to fight her case, consistent with her innocence. Contrary to their promise that they would not give consideration to Gonzalez, the government recently entered

4

into an agreement with Gonzalez for consideration if he testifies against Alayeto. The testimony will include not only testimony that incriminates Alayeto in drug trafficking on the date charged, July 4, 2007, but in the form of making Alayeto a major co-conspirator in historical drug trafficking with Gonzalez. This sequence of events it seems, as a matter of due process, ought to be known by the jury of Alayeto not only as it relates to the credibility of Victor Gonzalez, but as to the credibility of law enforcement. The unusual law enforcement conduct in the case, which arguably constitutes criminal conduct or a violation of the civil rights of Alayeto who was then represented by counsel in the matter about which she was being queried,[2] demonstrates a unfair bias in favor of conviction of Alayeto rather than a simple seeking of the truth in the context of the fair administration of justice. In addition, the government agent's over-aggressive conduct on November 3, 2007, which amounts to conviction at all costs of impropriety,

---

[2] Milwaukee Police Officer Jason Rodriguez's effort to influence the November 9, 2007 evidentiary hearing proceedings just six (6) days prior to the hearing is potentially punishable under 18 U.S.C. §1509 (by threats, willfully attempt to interfere with the due exercise of rights under any order of a court of the United States); 18 U.S.C. §1512(b)(1)(A) (uses intimidation or corruptly persuades, or attempts to, cause or induce any person to withhold testimony from an official proceeding); 18 U.S.C. §1512(c)(2) (corruptly obstructs, influences, or impeded any official proceeding, or attempts to do so); or 18 U.S.C. §242 (deprivation of rights under color of law).

is consistent with the government's *modus operandi* at trial, which amounts to conviction at the cost of consideration to a man who will be shown to be an incredible, ruthless, and large-scale drug trafficker who consistently leaves female companions holding the bag.

This case is a lot different than a case in which a defendant merely claims "the government asked me to cooperate first" and wants to introduce that evidence. Instead, the defense wants to introduce evidence that the government asked Alayeto to cooperate first by telling her- in the absence of her counsel of record in the matter, that she should not listen to her lawyer and forego litigation of her constitutional rights, or fear the worst. The worst is here, but in the form of a government witness not worthy of belief and, as such, a feeble attempt by the government to convict. That is how the defense sees it and the defense wants to elicit the proffered and very brief testimony to support that theory.

It is anticipated that Milwaukee Police Officer Jason Rodriguez will admit to his conduct on November 3, 2007 when he confronted Alayeto, as he did at the November 9, 2007 evidentiary hearing. If he does not admit

at Alayeto's trial that part of the government investigation in this case was to seek the cooperation of Alayeto against Gonzalez, and then- after failing, seek the cooperation of Gonzalez against Alayeto about the date in question and much more in order to secure her criminal conviction, then his obstruction conduct in Dane County, Wisconsin on November 10, 2001 may become relevant, despite defense counsel's report to the Court at the November 4, 2009 pretrial conference that he did not anticipate the need to introduce this impeachment evidence. Counsel will request leave of the Court, outside the hearing of the jury, to explore the obstruction conduct before doing so in any testimony.

On today's date, the defense brought this motion to the attention of the government. The parties were unable to reach an agreement on a joint recommendation to the Court concerning the defense's request herein.

Dated at Milwaukee, Wisconsin this 5th day of November, 2009.

7

Respectfully submitted,

/s/ Thomas G. Wilmouth
Thomas G. Wilmouth
State Bar # 1011746
Counsel for HILDA ALAYETO
FEDERAL DEFENDER SERVICES OF
    WISCONSIN, INC.
517 East Wisconsin Avenue, Suite 182
Milwaukee, Wisconsin 53202
[414] 221-9900
[414] 221-9901 [facsimile]
tom_wilmouth@fd.org

8