UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

        *v*.                                    Case No. 07-CR-243 (CNC)

HILDA ALAYETO,

        Defendant.
_____

**DEFENDANT ALAYETO'S MEMORANDUM IN SUPPORT OF
MOTION TO VACATE THE JUDGMENT OF NOVEMBER 10, 2009
AND FOR A NEW TRIAL PURSUANT TO FED. R. CRIM. P. 33(b)(2)**

**I.**

**BACKGROUND**

After a trial to the jury from November 9-10, 2009 [R. 123; 124], Hilda Alayeto was convicted on the lone count charged against her, possession with intent to deliver in excess of five grams of cocaine base in the form of crack cocaine on July 4, 2007. [R. 122]. The facts underlying the prosecution were that as Milwaukee Police Officers Kurt Lacina and Jason Rodriguez were making a traffic stop of a vehicle operated by Victor Gonzalez, Gonzalez tossed into the lap of Hilda Alayeto the cocaine base, which Alayeto then hid down her pants.[1]

---

[1] Transcripts of all of the jury trial proceedings have not yet been prepared and so

During the course of the jury trial, the defense sought to introduce evidence of two specific instances of conduct of co-defendant Victor Gonzalez[2] that involved Gonzalez hiding incriminating evidence upon a female vehicle passenger, and another incident in which he arranged for his mother to hide evidence of cocaine base, all as police were coming upon the scene. [R. 130: 57-58; 60-63].

The government objected and the district court sustained the objection on the basis that the defense did not have available witnesses with firsthand knowledge of these incidents, the evidence was not admissible pursuant to Fed. R. Evid. 404(a) or (b), and the evidence was otherwise inadmissible pursuant to Fed. R. Evid. 403 [R. 130: 72-75; 81-83].

Alayeto timely filed a motion to vacate the judgement on the verdict and for a new trial pursuant to Fed. R. Crim. P. 33(b)(2) based upon the Court's ruling, which he argues violated his 6th Amendment right to present a defense. [R. 126]. The Court permitted the defense time to file a memorandum in support of the post-conviction motion upon receipt of select trial transcripts.

---

there will not be citations to the trial record in limited instances in this memorandum.

[2] Prior to Alayeto's jury trial, Gonzalez plead guilty to Count One of the second superseding indictment, which was the same charge against Alayeto heard by the jury. Gonzalez was listed as a government witness at Alayeto's trial, but the government elected to not call him as a witness, a fact it communicated only at the close of the government's case-in-chief. [R. 130: 52].

## II.

## ANALYSIS

Fed. R. Evid. 404(b) is typically employed by federal prosecutors seeking to rely on evidence of a criminal defendant's prior convictions or other misconduct as proof of that defendant's "motive, opportunity, intent, preparation, plan, knowledge, or identity" with regard to a different crime for which the defendant is being prosecuted. The Seventh Circuit has explained, however, that pursuant to Rule 404(b) "[e]vidence regarding other crimes is admissible for defensive purposes if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him." *Agushi v. Duerr,* 196 F.3d 754, 760 (7th Cir. 1999) (internal quotations omitted). This type of evidence is referred to as a variant of Rule 404(b), known as "reverse 404(b)." *United States v. Stevens,* 935 F.2d 1380, 1401-02 (3rd Cir. 1991). In deciding whether to admit such evidence, a district court "should balance the evidence's probative value under Rule 401 against considerations such as prejudice, undue waste of time and confusion of the issues under Rule 403." *United States v. Walton,* 217 F.3d. 443, 449 (7th Cir. 2000) (internal quotations omitted).

Judge Posner of the Seventh Circuit believes a more descriptive term of the evidence at issue would be "nondefendant Rule 404(b) evidence." *United States v. Murray,* 474 F.3d 938, 939 (7th Cir. 2007). Concern with the poisonous effect on the jury of propensity evidence in such cases is minimal. Since the jury is not being asked to judge that other person, "the primary evil that may result from admitting

such evidence against a defendant- by tainting his character- is not present." *United States v. Seals,* 419 F.3d 600, 606-07 (7th Cir. 2005), *quoted in United States v. Murray,* 474 F.3d at 939. Even if the evidence causes the defendant to be acquitted, and the other person is put on trial, *his* guilt or innocence will be determined on the basis of the evidence in his case, and not on the basis of the other crimes he committed. *Id.*

In the vast run of such cases, says the Seventh Circuit, the only serious objection to the evidence is that its probative value is slight, as it may just amount to pointing a finger at someone else who might have committed the crime the defendant is accused of committing. However, surmises the Court, a jury is unlikely to acquit a defendant even it if thinks there's someone else out there who has a propensity to commit such crimes, so that in such a case Rule 403's balancing test (whereby relevant evidence may be excluded by the danger of unfair prejudice, etc.) is all one needs to keep other crimes evidence within bounds. *Id.* Unless the other crime and the present crime are sufficiently alike to make it likely that the same person committed both crimes, so that if the defendant did not commit the other crime he probably did not commit this one, the evidence will flunk Rule 403's test. *Id.*

The witness about whom the evidence relates need not testify at trial. *United States v. Reed,* 259 F.3d 631 (7th Cir. 2001); *Agushi v. Duerr,* 196 F.3d 754 (7th Cir. 1999) [Rule 404(b) speaks not of the parties to a case but of a person]. This was a concern of the Court at the Alayeto trial. [R. 130: 72; 73; 76]. The 404(b) evidence

also need involve instances prior to the offense on trial. *United States v. Savage,* 505 F.3d 754, 761 (7th Cir. 2007) [but here, post-offense threats to sell drugs cannot strengthen coercion defense in drug distribution case]. *See also, United States v. Anifowoshe,* 307 F.3d 643, 646-47 (7th Cir. 2002) ["chronological relationship between the charged offense and the other act "may play an important role in determining the probative value of such evidence]. This too was a concern of the Court at Alayeto's trial [R. 130: 73]. It should be noted that the Seventh Circuit believes the defense is not held to as rigorous of a standard as the government in introducing reverse 404(b) evidence. *United States v. Seals,* 419 F.3d 600, 607 (7th Cir. 2005) [although legal standard for admitting reverse 404(b) evidence is relatively lenient, prior bank robbery not admissible in defense of later bank robbery because similarities generic and facts underlying robberies were dissimilar] . Rule 401 and 403, instead carry the day. *Reed, supra*; *United States v. Murray, supra.*

In *United States v. McClure,* 546 F.2d 670 (5th Cir. 1977), the Court of Appeals held that the district court erred in rejecting as irrelevant an accused drug dealer's proposed evidence that a DEA informer coerced three other individuals into selling drugs to undercover agents. The Court held that under Rule 404(b) "evidence of a systematic campaign of threats and intimidation against other persons is admissible to show lack of criminal intent by a defendant who claims to have been illegally coerced." *Id.* at 672-73.

In *United States v. Aboumoussallem,* 726 F.2d 906, 911-13 (2nd Cir. 1984), the defendant proffered as evidence a plan by two others to import narcotics from Lebanon into the United States using duped couriers. The Court of Appeals held that the existence of such a plan would lend some support to the inference that the defendant was duped and thereby bolster his defense of lack of knowledge.

In *United States v. Montelongo,* 420 F.3d 1169, 1172-76 (10th Cir. 2005), ninety-three kilos of marijuana were found in the sleeping compartment of the truck the defendants were operating. The defendants sought to introduce evidence that a few months prior to their arrest thirty-four pounds of marijuana were found in the sleeping compartment of a different truck that the owner of the truck possessed. The Court of Appeals held the prior incident is relevant to the defendant's defense that they had no knowledge of the marijuana packed in the truck they were driving. The prior incident "tends to make it less probable that the defendants knowingly possessed the marijuana or that they knowingly and voluntarily involved themselves in a drug conspiracy." *Id.* at 1173. The Court believed that the jury could believe the owner had packed the marijuana in the truck. *Id.*

The *Montelongo* Court notes there was no danger of the jurors being distracted from the real issues in the case because of the similarities between the charged crime and the previous incident. "To the contrary, [the 404(b) evidence] would have highlighted the central issue at trial- namely, which man was responsible for the contraband." *Id.* at 1175.

In *United States v. Duran-Moreno,* 616 F. Supp.2d 1162 (D. N.M. 2009), the defendant was charged with possession with intent to deliver 500 or more grams of methamphetamine and cocaine found hidden in the bumper of a car. The car was previously owned by another person later convicted of methamphetamine distribution. Citing Fed. R. Evid 404(b), the district court admitted the evidence for the purposes of showing the intent, opportunity, and ability of the prior owner of the car to keep the drugs in the car. *Id. at* 1175.

In *United States v. Moreau,* 2008 WL 2229467 (D.N.M., Marh 12, 2008), the defendant and another were charged with possession with intent to distribute more than 1,000 kilos of marijuana. The government's theory of the case is that the defendants stopped at a warehouse where they loaded pallets of fabric. They were later arrested when this same fabric was covering fifty pound bundles of marijuana in a trailer. Though the government had indicated it will not call the owner of the warehouse as a witness at trial, the defense moved the court to offer evidence that the owner of the warehouse was previously arrested 12 years earlier when 25 to 30 pounds of marijuana was found in his vehicle; the owner of the warehouse was convicted 10 years earlier of conspiracy to distribute marijuana for a six year period; and the owner of the warehouse 4 years earlier had been stopped in vehicle, after which eight pounds of marijuana were found hidden in the trunk. In permitting the introduction of this evidence, the district court held the evidence of the warehouse owner's prior involvement with marijuana trafficking is relevant to the issue of the

defendant's intent, and the evidence is more probative than prejudicial. *Moreau,* 2008 WL 2229467 *12.

Both the Fifth and Sixth Amendments to the United States Constitution protect a defendant's right to have a meaningful opportunity to present a defense. *Crane v Kentucky,* 476 U.S. 683, 690 (1986). The exclusion of evidence which is the only or primary evidence in support of a defense is deemed to have had a substantial effect on the jury. *United States v. Byrd,* 208 F.3d 592, 594 (7th Cir. 2000). *Cf. United States v. Della Rose,* 403 F.3d 891, 901-904 (7th Cir. 2005) [any error in exclusion of defense witness's testimony that he had negotiated with defendant's alleged co-conspirator, who defendant claimed was sole perpetrator in scheme, and prosecution witness admission of same in prior statement to defense witness, was harmless in light of compelling evidence of defendant's involvement in scheme].

### III.

### ARGUMENT

The common element in the "nondefendant Rule 404(b) evidence" cases is proof of a pattern of criminal conduct by a third person and that the present case fits the pattern. *Murray,* 474 F.3d at 940. Does it in this case?

The conduct of Victor Gonzalez on July 4, 2007 is identical to his conduct on October 25, 2008 , when the vehicle he was operating was stopped by police and he passed a quantity of cocaine to a female passenger, whom he directed to place the cocaine down her pants. [R. 130: 62]. The conduct of Victor Gonzalez is

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

substantially similar to his conduct on October 3, 2008, when the vehicle he was operating was stopped by police and he passed a large quantity of United States Currency to a female passenger, who then hid it upon her person. [R. 130: 58]. The conduct of Victor Gonzalez is sufficiently similar to his conduct on December 26, 2007, when police were executing a search warrant at his home and police recovered cocaine base down the pants of his mother, Milagros Rosas [R. 130: 57], a person whose voice the jury heard on taped telephone calls with Alayeto, showing herself as supportive of both her son and the plight of Hilda Alayeto. All of this conduct of Victor Gonzalez, and that of July 4, 2007, shows a pattern, rather than a chance resemblance. In each of the unique circumstances of these instances, it may be inferred that the females in the company of Gonzalez could not or did not have the intent to deliver the drugs or currency thrust upon them by Gonzalez.

It cannot be argued that this evidence is irrelevant because there is no dispute that Victor Gonzalez thrust the five plus grams of cocaine base upon the lap of Hilda Alayeto and so the "nondefendant 404(b) evidence" has no purpose, and Alayeto's intent to distribute should be decided on the basis only of other facts. However, the government did not concede the fact of the surprise toss at trial, rather introducing evidence to the effect and arguing specifically that Alayeto was a partner with Gonzalez in drug trafficking on July 4, 2007 and thereafter. Clearly, had the government conceded that Gonzalez tossed the drugs upon the lap of the

unsuspecting Alayeto, this evidence sought to be introduced by the defendant would be inadmissible as irrelevant.

Indeed, the government characterized Gonzalez and Alayeto as co-conspirators. And that was fair enough argument, owing to the charge against Alayeto in the indictment citing 18 U.S.C. § 2,[3] in addition to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). [R. 74]. So clearly, the activities of her co-conspirator were related and similar to the charge alleged in the indictment. *Cf. United States v. Puckett,* 692 F.2d 663, 671 (10th Cir. 1982) *cert. denied,* 459 U.S. 1091 (1982) [404(b0 evidence evidence properly rejected by trial court when evidence pertained to activities by co-conspirator that were unrelated and dissimilar to the charges in the indictment].

In rejecting Alayeto's offer of proof, this Court expressed concern that the introduction of this evidence would be time consuming, noting the defense offer of proof took nearly one-half hour. [R. 130: 73]. The evidence of the referenced incidents is strong, likely not to be rebutted by the government. The delay associated by the defense arranging for the appearance of Milwaukee Police Officers with first-hand knowledge of these witnesses was a result of the government late decision to not call Victor Gonzalez as a witness in the case. Perhaps the government's reasoning was to avoid this evidence that was unfavorable to their

---

[3] 18 U.S.C. § 2(a) states "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

case. The evidence certainly was not unfairly prejudicial to the government's case, if harmful. And with regard to witnesses with first hand knowledge, recall that FBI Special Agent Matt Gibson did testify before the grand jury about the most serious incident, October 28, 2008 [R. 130: 66-67], which formed the basis of Count Two of the second superseding indictment in this case, adding that conduct as to Gonzalez alone. [R. 74]. Under all of these circumstances, availability of witnesses should not have entered into the Court's analysis.

Setting aside the specific amount of time involved in what would have been the sole aspect of the defense's case-in-chief, Alayeto contends introduction of the proffered evidence would have highlighted the central issue at trial- namely did Alayeto possess the crack cocaine *with intent to deliver*. A resolution of the issue concerning a risk of mini-trials or orderly progress of trial is informed by the notion that a criminal defendant should be able to advance any evidence that, first, rationally tends to disprove her guilt, and second, passes the Rule 403 balancing test. *United States v. Stevens,* 935 F.2d 1380, 1406 (3rd Cir. 1991).

The Court's ruling in this case violated Alayeto's Fifth and Sixth Amendment rights to have a meaningful opportunity to present a defense. This was not a case where the evidence she wished to offer would not have played a major role in disproving her guilt. This was a case where the exclusion of the evidence was the only or the primary evidence in support of her defense, which had a substantial

effect on the jury. The evidence was so fundamental to Alayeto's defense that the trial was not fair in its absence.

## IV.

## CONCLUSION

It is respectfully requested that the Court enter an Order vacating the November 10, 2009 judgment on the verdict and grant the defendant a new trial.

Dated at Milwaukee, Wisconsin this 20th day of January, 2010.

Respectfully submitted,

**/s/   Thomas G. Wilmouth**
Thomas G. Wilmouth, Bar #1011746
Counsel for Hilda Alayeto
FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.
517 E. Wisconsin Avenue, Suite 182
Milwaukee, Wisconsin 53202
[414] 221-9900      Telephone
[414] 221-9901      Facsimile
tom_wilmouth@fd.org