UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 07-CR-243

HILDA ALAYETO,

        Defendant.

DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL
(DOC. # 126)

On November 10, 2009, the defendant, Hilda Alayeto, was found guilty following a jury trial of possession with intent to distribute more than five grams of cocaine base in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. After the verdict was returned, the court granted the government's motion for judgment on the verdict and denied the defendant's motion for judgment of acquittal notwithstanding the verdict. Sentencing is set for April 13, 2010.

On November 20, 2010, the defendant timely filed a motion to vacate the judgment of November 10, 2010, and for a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(2). Additional time was permitted for the parties to brief the motion, which is now before the court.[1]

Rule 33 provides, in relevant part, that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." "Courts have interpreted Rule 33 to require a new trial 'in the interests of justice' in a variety of situations in which the

---

[1] At the time she filed the motion, Alayeto requested additional time to file a supporting brief given that she was waiting for transcripts of the trial to be prepared. The court granted this request. Alayeto's supporting memorandum was filed on January 20, 2010. The court permitted the government until March 8, 2010 to file a response. However, for unknown reasons, the government did not file a brief in response until April 5, 2010—nearly a month after the court's deadline. The court therefore disregards the government's response brief.

substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir.1989). "A jury verdict in a criminal case is not to be overturned lightly, and therefore a Rule 33 motion is not to be granted lightly." *United States v. Santos*, 20 F.3d 280, 285 (7th Cir.1994) (quoting *United States v. Morales*, 902 F.2d 604, 605 (7th Cir.), *amended on other grounds*, 910 F.2d 467 (7th Cir.1990)). "'If the complete record, testimonial and physical, leaves a strong doubt as to the defendant's guilt, even though not so strong a doubt as to require a judgment of acquittal, the district judge may be obliged to grant a new trial.'" *Id.* (quoting *Morales*, 910 F.2d at 468); *see also United States v. Eberhart*, 388 F.3d 1043, 1048 (7th Cir. 2004), *overruled on other grounds by Eberhart v. United States*, 546 U.S. 12 (2005). The decision to grant a new trial under Rule 33 is left to the discretion of the district court. *See Kuzniar*, 881 F.2d at 470.

For background, Alayeto was arrested on July 4, 2007, after the vehicle she was riding in was pulled over by police. During the stop, codefendant Victor Gonzalez, who was driving the vehicle, tossed a plastic baggie containing 27.8 grams (lab weight) of crack cocaine to Alayeto, who proceeded to stuff it into her pants. When questioned, Alayeto claimed that the drugs belonged to her and not to Gonzalez.

At trial, Alayeto sought to introduce evidence relating to Gonzalez's alleged "habit of passing drugs to passengers" and "attempts to hide evidence." (Tr. 55.) Specifically, Alayeto alleges that Gonzalez engaged in similar incidents involving passing drugs and currency to females on December 26, 2007, October 3, 2008, and October 25, 2008. After hearing extensively from the parties on this matter outside the presence of the jury, and offer of proof by way of testimony, the court concluded that the proposed evidence was inadmissible. The court noted the defendant did not have an available

witness with firsthand knowledge of these incidents, the evidence was not admissible under Federal Rules of Evidence 404(a) or 404(b), and the evidence was otherwise inadmissible under Rule 403.

In her pending motion, Alayeto asserts that the court's evidentiary ruling violated her right to present a defense under the Fifth and Sixth Amendments to the U.S. Constitution. She maintains that the proposed testimony constitutes "reverse 404(b) evidence" that may be permitted to show a pattern of criminal activity by a third person, Victor Gonzalez.

Reverse 404(b) evidence may be admissible for defensive purposes "if it tends, alone or with other evidence, to negate the defendant's guilt of the crime charged against him." *United States v. Savage*, 505 F.3d 754, 761 (7th Cir. 2007) (citing *United States v. Reed*, 259 F.3d 631, 634 (7th Cir. 2001)). "In determining whether to allow a criminal defendant to admit such evidence . . . a district court must balance 'the evidence's probative value under Rule 401 against considerations such as prejudice, undue waste of time, and confusion of the issues under Rule 403.'" *Id.* (quoting *United States v. Seals*, 419 F.3d 600, 606 (7th Cir. 2005); *see also United States v. Murray*, 474 F.3d 938, 939-40 (7th Cir. 2007) (discussing reverse 404(b) evidence). According to Alayeto, the allegedly similar actions of Victor Gonzalez could raise an inference that "the females in the company of Gonzalez could not or did not have the intent to deliver the drugs or currency thrust upon them by Gonzalez." (Def.'s Br. in Supp. of Mot. for New Trial 9.)

For the reasons stated on the record at trial, Alayeto's motion must be denied. Previously, this court concluded that Alayeto's preferred means of introducing such evidence—through the testimony of FBI Special Agent Matthew Gibson or other police officers—constituted inadmissible hearsay inasmuch as they did not have firsthand

knowledge of the incidents alleged. The court noted that the defendant's offer of proof had taken a half an hour, and to permit Alayeto time to attempt to locate someone with firsthand knowledge would require adjourning the trial for an indefinite period. On this point alone, the evidence fails under Rule 403. Moreover, the evidence fails under Rule 401 inasmuch as all of the incidents took place after Alayeto was arrested in this matter, and it is not apparent that such evidence, if admitted, would indicate that she lacked the required intent to distribute the cocaine base that she possessed in light of all the evidence presented. This is especially true in light of Alayeto's post-arrest statement that the drugs were hers and the absence of any credible evidence that Gonzalez forced or duped her into placing the drugs into her pants.

The cases cited by Alayeto in her motion regarding reverse 404(b) evidence, including *United States v. Montelongo,* 420 F.3d 1169 (10th Cir. 2005) (finding a Confrontation Clause violation when defendant, who argued that he did not know the truck in which he was riding was filled with marijuana, was not permitted to cross-examine the owner of the truck about a previous incident involving marijuana hidden in a truck), *United States v. Aboumoussallem,* 726 F.2d 906, 911-13 (2d Cir. 1984) (finding reverse 404(b) evidence that third party may have been "duped" by coconspirator into transporting narcotics unknowingly was relevant to show that the defendant was also duped into transporting narcotics unknowingly), and *United States v. McClure*, 546 F.2d 670, 672-73 (5th Cir. 1977) (finding that "evidence of a systematic *campaign of threats and intimidation* against other persons is admissible to show lack of criminal intent by a defendant who claims to have been illegally coerced" (emphasis added)), are distinguishable from the present case. Without more, Alayeto cannot demonstrate that she is entitled to a new trial pursuant to Rule 33(b)(2). Therefore,

IT IS ORDERED that the defendant's motion to vacate judgment and for a new trial (Doc. # 126) is denied.

Dated at Milwaukee, Wisconsin, this 12th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE